# IN THE COURT OF APPEALS OF IOWA

————————————

No. 24-1570
Filed April 29, 2026

————————————

**Rochelle M. Combs, Individually and as the Administrator of the Estate of Mitchell Buen,**
Plaintiff–Appellant,

v.

**Jennie Edmundson Memorial Hospital, Mohammed Fareed Quraishi, M.D., Geoffrey Fey, M.D., Patrick Costello, M.D., Thomas Cheatle, M.D. and Tima Recker-Cutshall, P.A.,**
Defendants–Appellees.

————————————

Appeal from the Iowa District Court for Pottawattamie County,
The Honorable Donna K. Bothwell, Judge.

————————————

**AFFIRMED**

————————————

Roxanne Conlin and Devin C. Kelly of Roxanne Conlin & Associates, P.C., Des Moines, attorneys for appellant.

Robert A. Mooney and Kalli P. Gloudemans (until withdrawal) of Mooney, Lenaghan, Westberg Dorn, LLC, Omaha, Nebraska, attorneys for appellees Jennie Edmundson Memorial Hospital, Patrick Costello, M.D., Thomas Cheatle, M.D. and Tina Recker-Cutshall, P.A.

1

Thomas J. Joensen and Tyler R. Smith of Gordon Rees Scully Mansukhani, Des Moines, attorneys for appellees Mohammed Fareed Quraishi, M.D., and Geoffrey Fey, M.D.

————————————

Considered without oral argument
by Ahlers, P.J., and Chicchelly and Sandy, JJ.
Opinion by Ahlers, P.J. Dissent by Sandy, J.

**AHLERS, Presiding Judge.**

Rochelle M. Combs[1] filed this medical malpractice action individually and as administrator of the estate of Mitchell Buen. The suit seeks compensation from Buen's health care providers for damages stemming from the allegedly negligent care of Buen. Because the action alleges professional negligence of a health care provider that requires expert testimony to back the claim, Buen[2] was required to serve a certificate of merit on each health care provider. *See* Iowa Code § 147.140(1)(a) (2023). The certificate is required to address the standard of care and an alleged breach of that standard. *Id.* And it must be signed by the expert under oath and served on each health care provider before commencement of discovery and within sixty days of the health care provider's answer. *Id.* § 147.140(1)(a), (b).

Buen timely filed and served certificates of merit signed by two experts. Each certificate begins, "In compliance with Iowa Code [s]ection 147.140, I, [name of expert], do hereby affirm and state as follows," and then provides details about the expert's qualifications and opinion that the health care providers breached the standard of care.

About nine months after the certificates of merit were filed, the health care providers filed a motion to dismiss. The providers argued the certificates did not comply with section 147.140 because the certificates were

---

[1] The appellate brief filed in this case uses the name Rochelle M. Comb on the cover page. However, the captions in the district court filings, including the petition, refer to Rochelle M. Combs, so we use that name.

[2] Because Combs's individual claims and her claims as administrator of Buen's estate all stem from the allegedly negligent care provided to Buen, we will refer to the plaintiffs collectively as Buen throughout this opinion.

not sworn under oath or subject to penalty of perjury. The district court granted the motion, and Buen appeals.

## I. Issues Presented and Standard of Review

Buen raises four issues on appeal. He contends: (1) the certificates of merit satisfied the requirements of section 147.140, or at least substantially complied; (2) section 147.140 is void for vagueness; (3) the health care providers waived their right to challenge the certificates of merit; and (4) the health care providers are estopped from challenging the certificates of merit.

We review a ruling on a motion to dismiss and the district court's statutory interpretation for correction of errors at law. *Miller v. Catholic Health Initiatives–Iowa, Corp.*, 7 N.W.3d 367, 372 (Iowa 2024). We review constitutional challenges de novo. *Banwart v. Neurosurgery of North Iowa, P.C.*, 18 N.W.3d 267, 272 (Iowa 2025).

## II. Analysis

Either our supreme court or this court has recently addressed each of the four issues Buen raises and resolved them adversely to Buen's position. Because those cases adequately explain why Buen's position has been rejected, we will not repeat each analysis in depth. Instead, we will simply hit highlights of each analysis.

### A. Compliance or Substantial Compliance with Section 147.140

As noted, each certificate of merit filed by Buen began: "In compliance with Iowa Code [s]ection 147.140, I, [name of expert], do hereby affirm and state as follows . . . ." Each certificate was signed by the respective expert but was not notarized, and neither included a statement that it was signed under oath or under penalty of perjury.

As to actual compliance, our supreme court has noted that "section 147.140 unambiguously requires that the expert witness personally sign the certificate of merit under oath within sixty days of the defendants' answer." *Miller*, 7 N.W.3d at 374 (cleaned up). Here, there is no question that the certificates were not signed under oath, so Buen did not comply with section 147.140.[3]

As to substantial compliance, the supreme court's decision in *Banwart v. Neurosurgery of North Iowa* resolves this issue. 18 N.W.3d 267 (Iowa 2025). The certificates at issue in *Banwart* were virtually identical to the certificates at issue here in that each certificate (1) starts with "in compliance with Iowa Code section 147.140," (2) asserts that the expert affirms the statements in the certificate, (3) was not notarized, and (4) did not include a statement that the certificate was signed under oath or under penalty of perjury. *See id.* at 271. The court rejected the plaintiffs' substantial-compliance argument, holding "that the Banwarts' certificates of merit did not substantially comply with section 147.140 because they were not signed by the expert under oath or expressly 'under penalty of perjury' to fulfill an essential purpose of the statute." *Id.* at 275. As the certificates here suffer from the same defects as those in *Banwart*, we find that Buen failed to substantially comply with the certificate-of-merit requirement.

---

[3] In resistance to the health care providers' motion to dismiss, Buen submitted affidavits from his experts stating that they understood that their statements in the original certificates that they affirmed the information in the certificates meant that their statements were sworn under penalty of perjury. We reject Buen's argument that these after-the-fact affidavits cured the defects in the original certificates. While the affidavits may have been sufficient to cure the deficiencies in the original certificates if they had been timely filed, the affidavits were submitted almost ten months after the sixty-day deadline imposed by section 147.140 expired. As such, they did not timely cure the defects in the original certificates.

## B.     Void for Vagueness

Buen also contends that section 147.140 is void for vagueness—contending that the "oath" and "substantial compliance" provisions of section 147.140 violate the due process clauses of the United States Constitution and the Iowa Constitution because each provision is so vague that it does not give persons of ordinary understanding fair notice of what is required of them.  But, in *Banwart*, our supreme court rejected this same argument and held "that Iowa Code section 147.140 is not unconstitutionally void for vagueness." *Id.* at 277.  We are bound by this precedent, so we reject Buen's constitutional challenge to section 147.140.  *See State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014) ("We are not at liberty to overrule controlling supreme court precedent.").

## C.     Waiver

Buen contends the health care providers waived their right to challenge the certificates of his experts because they litigated the case, engaged in discovery, and retained their own experts before challenging the sufficiency of the certificates of merit.  But our supreme court has expressly rejected this argument.  In *Banwart*, to avoid the need to engage in a "fact-intensive inquiry into how much discovery is too much," the court established a "bright line" deadline for filing motions challenging certificates of merit.  18 N.W.2d at 277.  The bright line set by the supreme court is the dispositive-motion deadline.  *Id.*  Applying that deadline, the court found "the defendants did not waive their statutory right to dismissal under Iowa Code section 147.140(6) when their motion for summary judgment was filed before the district court's dispositive motion deadline." *Id.* at 278.  Here, the health care providers filed their motion challenging the certificates nearly

6

nine months before the dispositive motion deadline, so the providers did not waive their right to make the challenge.

### D.    Estoppel

Finally, Buen argues that the health care providers are estopped from challenging the sufficiency of his certificates of merit because the providers continued to defend the case and engage in discovery for nine months after the certificates were filed before raising a challenge to the certificates. While the supreme court has yet to directly address this issue, our court has. And we have rejected Buen's argument.

In *Estate of Spieker v. Catholic Health Initiatives–Iowa, Corp.*, a panel of our court concluded that the same reasoning used in *Banwart* to set a bright-line rule for the deadline to challenge certificates of merit—that being the dispositive-motion deadline—and to reject the plaintiffs' waiver argument also applied to claims of estoppel. No. 24-1599, 2025 WL 2925143, at *2 (Iowa Ct. App. Oct. 15, 2025). And *Spieker* involved a delay between the filing of the certificates of merit and the filing of a motion challenging the certificates of over three years, as opposed to the approximately nine months at issue here. *See id.* at *1. We find no persuasive reason to stray from our holding in *Spieker*, so we reject Buen's estoppel argument.

## III.   Conclusion

Having rejected each of Buen's challenges, we affirm the district court's decision to dismiss this action.

**AFFIRMED.**

Chicchelly, J., concurs; Sandy, J., dissents.

7

**SANDY, Judge (dissenting).**

For the reasons stated in my dissent in *Estate of Spieker v. Catholic Health Initiatives–Iowa, Corp.*, No. 24-1599, 2025 WL 2925143, at *4–6 (Iowa Ct. App. Oct. 15, 2025) (Sandy, J., dissenting), I would conclude the health care providers' certificates-of-merit challenge is barred by estoppel by acquiescence. In my view, the same equitable principles control here and require reversal of the district court's dismissal. I respectfully dissent.